

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2004

# In Re: Marvaldi

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re: Marvaldi " (2004). *2004 Decisions.* Paper 675.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/675

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2229
_____

IN RE:

ROCCO L. MARVALDI,

Debtor

MICHAEL PONTICELLI;
BARBARA PONTICELLI,

Appellants

v.

ANDREA DOBIN, TRUSTEE;
FIRST STATE BANK;
LAWRENCE P. MARVALDI

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cv-04368)
District Judge: Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2004

Before: SCIRICA, Chief Judge, FISHER and ALARCÓN,* Circuit Judges.

(Filed: May 28, 2004)

------

*The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

———————

OPINION OF THE COURT
———————

FISHER, Circuit Judge.

The appellants, Michael Ponticelli and Barbara Ponticelli (collectively "Ponticelli"), appeal the orders of the district court and the bankruptcy court which granted summary judgment in favor of Appellee Lawrence Marvaldi. This Court has jurisdiction pursuant to 28 U.S.C. 1291.

Michael Ponticelli was seriously injured in an accident involving a truck owned by Marvaldi and his brother, Rocco Marvaldi. In 1995, the New Jersey courts entered judgment in the amount of $1,335,725.00 for Ponticelli. Ponticelli's attorney, Kim Pascarella, mailed the judgment to Marvaldi Trucking, Marvaldi's parents, and the truck drivers involved in the incident. Marvaldi and Rocco Marvaldi never responded.

Pascarella sent supplemental interrogatories to the Marvaldi brothers in March 1999. A relative of the brothers' signed for the certified mail, but the Marvaldi brothers never responded. Pascarella asked the post office for a forwarding address, but the Marvaldi brothers did not provide one. Mrs. Marvaldi, Lawrence and Rocco's mother, contacted Pascarella and informed him that her sons were not living in the state, and there were no assets available to pay the judgment.

Pascarella gave the Sheriff of Ocean County a writ of execution to levy on the real property co-owned by Rocco and Lawrence Marvaldi in August 1999. One day prior to

2

the sheriff's sale, scheduled for March 2000, Lawrence Marvaldi filed for Chapter 7. The appointed trustee did not contest the levy and abandoned the real property. A second writ of execution was filed, and four days prior to the rescheduled sheriff's sale, Rocco Marvaldi filed for Chapter 7.

Andrea Dobin was appointed the trustee, and filed a complaint to void the Ponticelli levy and judgment lien and sell the property.

Dobin, Lawrence Marvaldi and Ponticelli all filed motions for summary judgment. On the cross-motions for summary judgment, the bankruptcy court invalidated Ponticelli's pre-petition levy on real property.

Ponticelli appealed to the district court, and the district court affirmed. Ponticelli reached an agreement with Dobin, and the parties remaining in the instant appeal are Lawrence Marvaldi and Ponticelli.

The sole issue in this appeal is whether the bankruptcy court and the district court correctly determined that Ponticelli's counsel failed to make a proper good faith effort under New Jersey law to locate and levy on personal property prior to levying on real property such that the levy on the real property should be voided.

This is an issue of law, and is therefore subject to plenary review. *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir. 1988).

New Jersey governs the required sequence of execution when attempting to levy on real or personal property:

In every writ of execution which shall be issued against real estate, the sheriff or other officer to whom such writ may be directed shall be commanded that he cause to be made, of the goods and chattels in his county of the party against whom such execution issues, the debt, damages and costs or sums of money mentioned in such execution; and that, if sufficient goods and chattels of such party cannot be found in his county, he cause the whole or the residue, as the case may require, of such debt, damages and costs or sum of money to be made of the real estate whereof such party was seized on the day when such real estate became liable to such debt, damages and costs or sum of money, specifying the day particularly, or at any time afterwards, in the hands of any person then having the same.

N.J.S.A. 2A:17-1.

New Jersey courts require that the sheriff return a writ of nulla bona prior to executing on the debtor's property:

[T]he judgment creditor or his attorney must make a good faith attempt to ascertain the location of the debtor's personalty within the county and supply this information to the sheriff along with the writ of execution. Before levying and executing on the debtor's realty the sheriff must return a writ of nulla bona, certifying that he has made a strict and diligent search and has been unable to locate any personalty of the debtor within the county.

*Raniere v. I & M Investments, Inc.*, 159 N.J. Super. 329, 337-338 (Ch. Div. 1978). Although the requirement that the sheriff issue a writ of nulla bona is not in the statute, it has been accepted by the courts as a requirement. *Id*.

"[A]n execution sale against realty held without a prior, good faith attempt to locate, levy upon and execute against personalty of the judgment debtor located within the county is in direct violation of the positive command of the Legislature and is therefore void." *Raniere* at 337.

4

Both the district court and the bankruptcy court found that Ponticelli's efforts did not meet the good faith requirement. The district court found the efforts lacking.

After receiving the judgment, Pascarella mailed it, but never received a response from the debtors. Four years later, in 1999, Pascarella mailed a set of supplemental interrogatories to the debtors, but knew that the debtors did not sign for the certified mail. Pascarella conducted a motor vehicle search prior to the 1995 judgment, but did not subsequently attempt to find any motor vehicles. Pascarella's search for bank accounts consisted of looking for a copy of a check. Pascarella did not compel post-judgment depositions. Finally, the sheriff did not return a writ of nulla bona.

Pascarella claims that Mrs. Marvaldi misled him by stating that her sons did not live in New Jersey and they did not have any assets. Additionally, Pascarella asserts that since the personalty is so insignificant in comparison to the amount owed Ponticelli, Pascarella made a good faith effort to locate the personalty.

The proper focus is not whether there are assets in the county, or the amount of those assets, but rather whether a good faith effort was made to locate the assets. *Evcco Leasing Corp. v. Ace Trucking Co.*, 828 F.2d 188, 193 (3d Cir. 1987). Pascarella made little effort to locate Rocco or Lawrence Marvaldi, or their assets. The sheriff did not return a writ of nulla bona. There was not a good faith effort.

Accordingly, we will affirm the judgment of the district court.

_____

5